**Blanca Delmi RODRIGUEZ, Plaintiff,**

v.

**F & B SOLUTIONS LLC,
et al., Defendant.**

**Case No. 1:14–cv–00183–GBL–IDD.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Signed April 29, 2014.

Edward Gonzalez, Edward Gonzalez PC, Washington, DC, Matthew Bryce Kaplan, The Kaplan Law Firm, Arlington, VA, for Plaintiff.

James Lewis Heiberg, Law Offices of Jonathan Gelber PLLC, Falls Church, VA, for Defendant.

## ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendants F & B Solutions LLC and Dave Crance's Motion to Dismiss Plaintiff Blanca Delmi Rodriguez's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 7.) This case concerns Plaintiff's allegations that the Defendants violated the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 *et seq.* by failing to pay her minimum wage and failing to pay her overtime wages.

Plaintiff was employed by Miguel's Restaurant in Falls Church, Virginia from January 2006 until November 15, 2013. (Doc. 1, at 2–3.) Miguel's Restaurant is owned by Defendant F & B Solutions, LLC which in turn is owned by Defendant Dave Crance who was actively involved in supervising Plaintiff. (*Id.* at 2.) Plaintiff's work involved "ordering food and supplies, preparing food, cleaning the restaurant, serving customers, booking sales of group banquet packages, cashiering, and general day-to-day operation and function of the restaurant." (*Id.* at 3–4.) Plaintiff alleges that "at all or nearly all times during her employment" she worked more than 40 hours per week. (*Id.*) Plaintiff alleges that Defendants failed to properly compensate her for her overtime work (one-and-one half times the regular rate) as evidenced by the fact that she was paid a bi-weekly fixed amount regardless of the number of hours actually worked. (*Id.*) Additionally, she alleges that "for many or all of Plaintiff's employment the fixed payment that she received divided by the number of hours she worked yielded an hourly rate of pay of less than the minimum wage." (*Id.*) Plaintiff avers at all times during her employment, Defendants knew how many hours they required and/or "suffered or permitted" Plaintiff to work and that Defendants' actions were willful and intentional and in bad faith. (*Id.* at 4–6.)

On March 24, 2014, Defendants filed a Motion to Dismiss arguing that Plaintiff has failed to state a claim for which relief can be granted because "Plaintiff's Complaint consists of 'threadbare recitals of the elements' of a FLSA cause of action with 'conclusory statements' with little to no factual support." (Doc. 8, at 2.) On April 7, 2014, Plaintiff filed an opposition to Defendants' Motion urging that she had provided "specific facts to support her claim and easily makes the plausibility showing[.]" (Doc. 13.) Defendants did not file a reply to Plaintiff's Opposition. The Court heard oral argument on April 25, 2014. (Doc. 16.)

## I. Standard of Review

A motion to dismiss under 12(b)(6) should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 563, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007) (internal citations omitted); *see* Fed.R.Civ.P. 12(b)(6). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotations and citations omitted). A complaint is also insufficient if it relies upon "naked assertions devoid of further enhancement." *Id.*

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

■ "Conclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiffs claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Twombly,* 550 U.S. at 556 n. 3, 127 S.Ct. 1955.

Federal courts across the country have diverged regarding the level of specificity required to be pled in a FLSA claim in order to survive a Rule 12(b)(6) motion to dismiss. *See Butler v. DirectSat USA, LLC,* 800 F.Supp.2d 662 (D.Md.2011) (finding sufficient a FLSA complaint which stated generally that plaintiff worked in excess of 40 hours, was not compensated for those hours, and employer had knowledge of the lack of overtime compensation for the overtime work); *but see Dejesus v. HF Management Services, LLC,* 726 F.3d 85 (2d Cir.2013) (holding that complaint stating that plaintiff worked more than 40 hours per week for some or all weeks without being paid 1.5 times her rate of compensation failed to sufficiently develop factual allegations beyond repeating the language of the FLSA statute). In adopting a more lenient approach, the *Butler* court reasoned that:

> There would be little benefit to dismissing this claim, and requiring Plaintiffs to amend to provide an estimate of the number of the overtime hours worked. The existing complaint details the types of work activities that occupied Plaintiffs' alleged overtime hours and provides Defendants with sufficient notice of the basis of the allegations to form a response. Thus, Plaintiffs have stated a plausible claim for their entitlement to overtime wages.

800 F.Supp.2d at 668.

■ This Court adopts the more lenient Maryland approach that all a plaintiff is required to plead in order to state a claim for a FLSA violation is "(1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Hawkins v. Proctor Auto Serv. Ctr.,* No. RWT–09–1908, 2010 WL 1346416 *1 (D.Md. Mar. 30, 2010) (citing *Davis v. Food Lion,* 792 F.2d 1274, 1276 (4th Cir.1986)). The Court notes that a record of the precise number of hours worked is normally in the possession of the employer and as such, can often be obtained through discovery.

## II. Ms. Rodriguez's FLSA Claim

■ The Court finds that Plaintiff has adequately set forth a plausible claim for

relief under the FLSA. Specifically, Plaintiff has alleged that for almost the entire period of her employment (January 2006 through November 2013) she has worked in excess of 40 hours per week. In her Complaint, she details the type of work that she performed for Defendants. Additionally, she states that she was not provided overtime compensation at a rate of 1.5 times her normal pay, nor did she receive minimum wage. As such, Plaintiff has provided Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests," such that Defendants are sufficiently prepared to make a fair response. *See Twombly*, 550 U.S. at 556 n. 3, 127 S.Ct. 1955. As Defendants are the party that would be in possession of Plaintiff's timesheets, it would serve little purpose to require Plaintiff to amend her Complaint to include an estimate of the number of overtime hours she worked when that information will be provided by Defendants during discovery.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**