Duane GOVAN, on Behalf of Himself and All Others Similarly Situated, Plaintiff,

v.

WHITING-TURNER CONTRACTING COMPANY; Shields Inc.; Molina Construction Inc.; and Baltazar T. Molina, Individually, Defendants.

No. 2:15–cv–02443–DCN

United States District Court, D. South Carolina, Charleston Division.

Signed November 23, 2015

Marybeth E. Mullaney, Mullaney Law, Mount Pleasant, SC, for Plaintiff.

Jessica Lee Gooding, Reginald W. Belcher, Turner Padget Graham and Laney, Columbia, SC, for Defendants.

## ORDER

DAVID C. NORTON, UNITED STATES DISTRICT JUDGE

This matter is before the court on defendants Whiting–Turner Contracting Company and Shields Inc.'s (collectively "defendants") motion to dismiss. For the reasons set forth below, defendants' motion to dismiss is denied.

## I. BACKGROUND

Defendant Whiting–Turner Contracting Company ("Whiting–Turner") is a construction management and general contracting company based in Baltimore, Maryland. Compl. ¶ 10. Defendant Shields Inc. ("Shields") is a commercial contracting company based in Winston–Salem, North Carolina that specializes in the installation of custom walls, ceilings, and floor systems. *Id.* ¶ 11. Defendant Molina Construction Inc. ("Molina") is a commercial construction company based in Charlotte, North Carolina that specializes in metal framing, dry-wall, and acoustic ceilings. *Id.* ¶ 12. Defendant Baltazar T. Molina ("Mr.Molina") "managed, owned and/or operated Molina Construction Company Inc." *Id.* ¶ 13. Plaintiff Duane Govan ("Govan") alleges that Whiting–Turner, Shields, Molina, and Mr. Molina "regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations" of such businesses and are therefore considered employers under the FLSA. *Id.* ¶¶ 10–13.

Govan was employed by defendants from approximately February 2014 to August 2014. *Id.* ¶ 14. Govan alleges that he and "other similarly situated laborers had an employment agreement with the Defendants, whereby the Defendants agreed to pay an hourly rate plus housing for all hours worked." *Id.* at 17. Govan further alleges that he and "other similarly situated laborers regularly worked over 40 hours a week and were not compensated at a rate of one and one-half times their regular hourly wage." *Id.* ¶ 23. Govan contends that although defendants provided room and board, they "failed to add the cost of the hotels into the regular rate for purposes of determining the overtime compensation of these employees." *Id.* ¶ 25.

Govan brings this action individually and as a collective action seeking overtime compensation, liquidated damages, and reasonable attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq. Id.* ¶ 1. Defendants filed the present motion to dismiss on July 13, 2015. Plaintiffs responded on July 30, 2015, and defendants filed a reply on August 10, 2015. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for

"failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir.2011). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." *Id.* at 679, 129 S.Ct. 1937. A complaint must contain sufficient factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "Facts pled that are 'merely consistent with' liability are not sufficient." *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir.2011) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

### III.  DISCUSSION

Defendants argue that the court should dismiss Govan's individual claim and collective action claim with prejudice because the complaint fails to allege the following requisite facts: (1) the number of unpaid overtime hours that Govan allegedly worked; (2) the dates on which he worked those hours; (3) any details regarding the defendants' allegedly unlawful timekeeping practices; (4) the identities of any other members of the alleged collective class; (5) the number of unpaid overtime hours that each of the members of the alleged collective class works and the dates on which they worked those hours; (6) how the purported collective class is similar to Govan; and (7) whether the defendants' common policies and/or practices, if any, systematically applied to Govan or a similarly situated class. Defs.' Mot. 2–3.

### A.  Govan's Individual Claim

Defendants argue that the court should dismiss Govan's individual FLSA claim because he failed to plead the amount of unpaid overtime that he allegedly worked or the circumstances surrounding his claim. Defs.' Mot. 6.

To state a claim for unpaid overtime wages under the FLSA, Govan must allege "(1) that [he] worked overtime hours without compensation; and (2) that the employer knew or should have known that [he] worked overtime but failed to compensate [him] for it." *Sanchez v. Truse Trucking, Inc.*, 74 F.Supp.3d 716, 721 (M.D.N.C.2014) (quoting *Alston v. Becton, Dickinson & Co.*, 2013 WL 4539634, at *4 (M.D.N.C. Aug. 27, 2013); *Butler v. DirectSat USA, LLC*, 800 F.Supp.2d 662, 667 (D.Md.2011)).

"In the wake of the *Iqbal* and *Twombly* decisions, courts across the country have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under FLSA." *Butler*, 800 F.Supp.2d at 667–68. Some courts have held that a plaintiff must allege approximately the number of overtime hours he worked. *See, e.g., Jones v. Imaginary Images, Inc.*, 2012 WL 3257888, at *11 (E.D.Va. Aug. 8, 2012) ("Plaintiff fails to indicate the compensation he was entitled to or the number of

hours he worked without compensation."); *Williams v. Secure Res. Commc'ns*, 2012 WL 2864519, at *2 (S.D.N.Y. July 12, 2012) ("To state a claim under the FLSA, a plaintiff must allege, at a minimum, the approximate number of unpaid hours worked."); *Anderson v. Blockbuster, Inc.*, 2010 WL 1797249, at *2–3 (E.D.Cal. May 4, 2010) (holding that plaintiffs' conclusory allegations that they consistently worked in excess of forty hours a week were insufficient); *Villegas v. J.P Morgan Chase & Co.*, 2009 WL 605833, at *4–5 (N.D.Cal. Mar. 9, 2009) (holding that allegations that plaintiff "worked more than 40 hours in a work-week and more than 8 hours in a work day, thus entitling her to overtime pay" were insufficient); *Jones v. Casey's Gen. Stores*, 538 F.Supp.2d 1094, 1102 (S.D.Iowa 2008) (finding complaint in which plaintiff alleged that assistant managers were not paid overtime, that the defendant "regularly and repeatedly" failed to pay plaintiff for all hours actually worked, and that the defendant failed to keep accurate time records to avoid paying plaintiffs overtime wages was "implausible on its face"); *Mell v. GNC Corp.*, 2010 WL 4668966, at *8 (W.D.Pa. Nov. 9, 2010) (finding plaintiffs' claim insufficient because it failed to "estimate the time period in which they worked without proper overtime compensation").

However, "many courts have found the basic allegation that plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation to be sufficient." *Butler*, 800 F.Supp.2d at 668 *(Hawkins v. Proctor Auto Serv. Ctr., LLC*, 2010 WL 1346416, at *1 (D.Md. Mar. 30, 2010)); *see also Pruell v. Caritas Christi*, 2010 WL 3789318 *3 (D.Mass. Sept. 27, 2010) (recognizing differing approaches and noting that court need not decide whether more stringent pleading was required because plaintiffs had not alleged they worked more than forty hours

a week); *Qureshi v. Panjwani*, 2009 WL 1631798, at *3 (S.D.Tex. Jun. 9, 2009) (plaintiffs' allegations that "they were required to work in excess of a forty-hour week without overtime compensation, and that they were employed by the defendants" were sufficient to state a claim under the FLSA); *Xavier v. Belfor USA Group, Inc.*, 2009 WL 411559, at *5 (E.D.La. Feb. 13, 2009) (plaintiffs sufficiently stated a claim by alleging that they routinely worked more than forty hours per week, were not paid overtime compensation, and were covered employees); *Uribe v. Mainland Nursery, Inc.*, 2007 WL 4356609, at *3 (E.D.Cal. Dec. 11, 2007) (holding that plaintiffs' allegations that they were nonexempt employees and had not been compensated at the applicable overtime rates satisfied *Twombly*).

Further, the majority of courts within this circuit and this district find the more lenient standard appropriate. *See, e.g., Orbit Corp. v. FeDex Ground Package Sys., Inc.*, 2015 WL 4605767, at *3 (E.D.Va. July 30, 2015) (applying the more lenient standard and finding complaint sufficient "although [the plaintiff] fail[ed] to clearly allege the precise number of hours he claim[ed] to have worked in a typical week"); *Brockdorff v. Wells Mgmt. Grp., LLC*, 2015 WL 3746241, at *3 (E.D. Va. June 15, 2015) ("District courts within the Fourth Circuit have adopted a lenient approach with respect to the degree of specificity necessary to adequately plead a FLSA claim for overtime compensation at the motion to dismiss stage."); *Seagram v. David's Towing & Recovery, Inc.*, 62 F.Supp.3d 467, 474 (E.D.Va.2014) ("[P]laintiff need not plead these hours with exact certainty; rather, approximations are sufficient."); *Schmidt v. Charleston Collision Holdings Corp.*, No. 2:14–cv–01094–PMD, 2014 WL 10102245, at *4 (D.S.C. July 14, 2014) (recognizing that "most courts in the

Fourth Circuit that have addressed the issue have found sufficient the basic allegation that plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation" and refusing to require the plaintiff to plead the approximate number of hours worked for which overtime wages were not received); *Rodriguez v. F & B Sols. LLC,* 20 F.Supp.3d 545, 548 (E.D.Va.2014) (holding that the plaintiff adequately set forth a plausible claim for relief under the FLSA when the plaintiff "alleged that for almost the entire period of her employment (January 2006 through November 2013) she has worked in excess of 40 hours per week"); *Butler,* 800 F.Supp.2d at 668 (finding the basic allegation that plaintiff worked more than 40 hours in a week and did not receive overtime compensation to be sufficient); *Davis v. Skylink LTD.,* 2011 WL 2447113, at *4 (S.D.W.Va. June 15, 2011) (denying a motion to dismiss when plaintiffs "assert in the complaint that [the defendant] did not keep adequate records of their work hours and that they were routinely required to work in excess of 40 hours per week without overtime compensation").

In *Ray v. Bon Secours—St. Francis Xavier Hosp., Inc.,* No. 2:12–cv–01180, 2012 WL 4591922, at *2 (D.S.C. Oct. 1, 2012), the plaintiff alleged that overtime pay was owed but not paid beginning on June 22, 2009 and that between June 22, 2009 and October 2010, the defendant failed to pay her for at least 300 overtime hours worked during her lunch period. *Id.* This court dismissed the complaint and held that the allegation was implausible because "the total amount of overtime worked during her lunch period over the span of a year and a half would not amount to 300 hours." *Id.* "Without plausible factual allegations regarding the number of hours worked and compensation allegedly owed," the court found the complaint legally insufficient. *Id.*

Although this court dismissed the complaint in *Ray,* the court found the specific alleged overtime hours worked *implausible.* 2012 WL 4591922, at *2. Govan alleges that between February 2014 and August 2014, he worked for defendants as a "sheet-rock finisher whose primary duties consisted of performance labor which consisted of installing sheetrock, as well as finishing and repairing unfinished wall." Compl. ¶ 15. He further alleges that defendants hired him and other similarly situated employees to perform labor for the construction of the Google office building in Goose Creek, South Carolina. *Id.* ¶ 16. Govan contends that he and other similarly situated employees had an employment agreement with defendants under which the defendants agreed to pay them at an hourly rate plus housing for all hours worked. *Id.* ¶ 17. However, Govan alleges that he and other similarly situated laborers regularly worked over 40 hours per week and were not compensated at a rate of one-half times their regular hourly wage as required under the FLSA. *Id.* ¶ 23. According to the complaint, defendants "provided room and board to Plaintiff as well as other similarly situated laborers, but failed to add the cost of the hotels into the regular rate for purposes of determining the overtime compensation of these employees." *Id.* ¶ 25. Unlike the plaintiff's allegations in *Ray,* Govan's allegations that he regularly worked more than 40 hours a week between February 2014 and August 2014 and was not paid overtime compensation are plausible.

"While defendants might appreciate having Plaintiffs' estimate of the overtime hours worked at this stage in litigation, it would be subject to change during discovery and if/when the size of the collective action grows and thus of limited value."

*Butler,* 800 F.Supp.2d at 668. Further, "a record of the precise number of hours worked is normally in the possession of the employer and as such, can often be obtained through discovery.". *Rodriguez,* 20 F.Supp.3d at 547. "There would be little benefit to dismissing this claim and requiring Plaintiffs to amend to provide an estimate of the number of the overtime hours worked." *Butler,* 800 F.Supp.2d at 668. Therefore, the court finds that the allegations provide defendants sufficient notice to form a response.

Further, to the extent defendants request the specific dates on which Govan worked overtime hours, the court finds such information unnecessary. Govan alleges that between February 2014 and August 2014, he regularly worked more than 40 hours per week and was not properly compensated. The court does not expect Govan or other potential class members to recall the specific dates on which they worked more than 40 hours per week. *Davis,* 2011 WL 2447113, at *4 ("[P]laintiffs need not provide a running list of specific work days for which they were not paid; it is enough that they have provided a clear factual statement charging as much."). Therefore, to the extent defendants seek dismissal for lack of detail regarding the numbers of overtime hours worked and the dates on which the overtime hours were worked, the court denies the motion.

Defendants further argue that Govan's complaint fails to allege basic details of the employer's allegedly unlawful timekeeping practices. Defs.' Mot. 7. Defendants contend that "[s]pecific allegations pertaining to timekeeping practices are necessary to adequately inform the employer of the type of claim being asserted against it." *Id.*

The court finds the aforementioned allegations sufficient to provide defendants an opportunity to meaningfully respond. Govan and other similarly situated laborers are not in a position to obtain knowledge regarding the details of defendant's payment policies or timekeeping practices. It is sufficient that Govan alleges that he and other similarly situated laborers had an employment agreement with defendants under which defendants were to pay them an hourly wage plus housing and that although defendants provided room and board, "they failed to add the cost of the hotels into the regular rate for purposes of determining the overtime compensation of these employees." Compl. ¶ 25. Thus, to the extent defendants' motion seeks dismissal of Govan's complaint because it lacks specific information regarding the details of defendants' alleged unlawful timekeeping practices, the motion is denied.

Therefore, the court denies in part defendants' motion to dismiss Govan's individual claims.

### B. Govan's Collective Claim

Defendants first argue that plaintiff's complaint is insufficient to state a plausible claim for collective relief under the FLSA because it neither generally nor specifically named nor referenced any other plaintiffs. Defs.' Mot. 9.

At the *conditional certification stage,* courts are divided on whether plaintiffs are required to demonstrate other potential class members desire to opt-in. *Compare Dybach v. State of Fla. Dep't of Corr.,* 942 F.2d 1562, 1567 (11th Cir.1991) ("[T]he district court should satisfy itself that there are other employees ... who desire to 'opt-in' ... "); *Pelczynski v. Orange Lake Country Club, Inc.,* 284 F.R.D. 364, 368 (D.S.C.2012) (requiring plaintiffs to provide evidence that "other similarly situated individuals desire to opt in ...")

(quoting *Purdham v. Fairfax Cnty. Pub. Sch.*, 629 F.Supp.2d 544, 549 (E.D.Va. 2009)); *Parker v. Rowland Express, Inc.*, 492 F.Supp.2d 1159, 1164–65 (D.Minn. 2007) ("[B]efore a conditional-certification motion may be granted, a named plaintiff (or plaintiffs) must proffer some evidence that other similarly situated individuals desire to opt in to the litigation."); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d 1272, 1275 (M.D.Ala.2004) (same as *Pelczynski) with Purdham*, 629 F.Supp.2d at 549 (recognizing criticisms of *Parker* and stating that "[i]t does not appear that any courts within the Fourth Circuit have adopted this relatively stringent test"); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F.Supp.2d 902, 916 (S.D.Tex.2010) ("[T]he court finds that it need not determine whether [p]laintiff has alleged sufficient information that aggrieved individuals are actually willing to opt in to this lawsuit."); *Robinson v. Empire Equity Grp., Inc.*, 2009 WL 4018560, at *2 (D.Md. Nov. 18, 2009) (same as *Purdham); Mancia v. Mayflower Textile Servs. Co.*, 2008 WL 4735344, at *3 n. 5 (D.Md. Oct. 14, 2008) (stating that *Dybach* "does not create an evidentiary standard binding on this court," and criticizing *Parker* for construing the FLSA too narrowly).

The majority of courts in this circuit have declined to require evidence of other potential plaintiffs' desire to opt-in.[1] *See, e.g., LaFleur*, 2012 WL 4739534, at *11 ("Other courts in the Fourth Circuit have addressed this issue and have rejected reading a requirement into the conditional certification standard that dictates consideration of sufficient interest (or lack thereof) of potential opt-in plaintiffs prior

to notice to said potential plaintiffs being made."); *Butler v. DirectSAT USA, LLC*, 876 F.Supp.2d 560, 572 (D.Md.2012) (refusing to impose a requirement that plaintiffs identify other potential opt-in plaintiffs when moving for conditional certification); *Robinson*, 2009 WL 4018560, at *2 n. 13 ("[D]istrict courts in the Fourth Circuit have declined to adopt "this relatively stringent [requirement]."); *Purdham*, 629 F.Supp.2d at 549) (same as *Robinson); Mancia*, 2008 WL 4735344, at *3 n. 5 (stating that *Dybach* "does not create an evidentiary standard binding on this court," and criticizing *Parker* for construing the FLSA too narrowly); *Quinteros v. Sparkle Cleaning*, 532 F.Supp.2d 762, 772, 772 n. 5 (D.Md.2008) (stating that it is unwilling to "narrowly construe the pleading requirements" to require the requisite showing that there were in fact opt-in plaintiffs). Thus, the weight of precedent in this circuit is decisively against requiring such a showing in order to conditionally certify a class. Further, this court recently declined to impose such a requirement at the conditional certification stage. *See Gordon v. TBC Retail Grp., Inc.*, No. 2:14–cv–03365, 134 F.Supp.3d 1027, 1040, 2015 WL 5770521, at *10 (D.S.C. Sept. 30, 2015) ("In light of such precedent, as well as the substantive criticism noted above, the court will not require plaintiffs to demonstrate potential class members' interest in joining the class.").

Govan has not yet filed a motion for conditional certification. It is illogical to impose such a stringent standard at the motion to dismiss stage that courts refuse to impose at the conditional certification stage. Further, since defendants filed the

---

1. Notably, this court was only able to find one decision in this circuit requiring evidence of other potential plaintiffs desire to opt in, *Pelczynski*, 284 F.R.D. at 368. Curiously, the *Pelczynski* court cited *Purdham* for support,

though *Purdham* declined to impose such a requirement and stated that "[i]t does not appear that any courts within the Fourth Circuit have adopted this relatively stringent test." *Purdham*, 629 F.Supp.2d at 549.

present motion to dismiss, two potential class members have joined in the action. *See* ECF Nos. 12 & 16. Therefore, the court will not require plaintiffs to identify potential class members.

Defendants next argue that the plaintiffs failed to sufficiently demonstrate that Govan and the other employees were similarly situated because complaint failed to reference any policy or rule that defendants systematically applied to a group of employees in violation of the FLSA. Defs.' Mot. 10.

Govan alleges that between February 2014 and August 2014, he worked for defendants as a "sheet-rock finisher whose primary duties consisted of performance labor which consisted of installing sheet-rock, as well as finishing and repairing unfinished wall." Compl. ¶ 15. He further alleges that defendants hired him and other similarly situated employees to perform labor for the construction of the Google office building in Goose Creek, South Carolina. *Id.* ¶ 16. Govan contends that he and other similarly situated employees had an employment agreement with defendants under which the defendants agreed to pay them at an hourly rate plus house for all hours worked. *Id.* ¶ 17. However, Govan alleges that he and other similarly situated laborers regularly worked over 40 hours per week and were not compensated at a rate of one-half times their regular hourly wage as required under the FLSA. *Id.* ¶ 23.

Govan's allegations sufficiently state claims for violation of § 207 of the FLSA. Although defendants cite cases outside of the Fourth Circuit for the proposition that Govan failed to allege sufficient factual content to support his FLSA claims, Govan's complaint comports with the requisite level of factual detail necessary to survive a Rule 12(b)(6) motion to dismiss. Govan's allegations are consistent with other cases holding that plaintiffs have sufficiently pled allegations to support their FLSA claims. *See, e.g., Rodriguez*, 20 F.Supp.3d at 548 (finding the plaintiff's complaint sufficient where plaintiff alleged that she was employed by her employer for more than seven years, that she worked in excess of 40 hours per week, the type of work she performed, and that she was not paid overtime compensation nor did she receive minimum wage); *Long v. CPI Sec. Sys., Inc.*, 2012 WL 3777417, at *4 (W.D.N.C. Aug. 30, 2012) (finding the complaint sufficient where the plaintiff alleged that he was employed by defendant for four years and alleged that he worked 50 to 60 hours per week during the time of his employment); *Butler*, 800 F.Supp.2d at 668 (finding allegations in plaintiffs' complaint sufficient where it detailed the "types of work activities that occupied [p]laintiffs' alleged overtime hours and provides [d]efendants with sufficient notice of the basis of the allegations to form a response"); *Davis*, 2011 WL 2447113, at *4 (finding complaint alleging FLSA overtime violation sufficient where the plaintiffs alleged that the employer did not keep adequate records of their work hours and that the plaintiffs regularly worked in excess of 40 hours per week without overtime compensation and finding that "plaintiffs need not provide a running list of specific work days for which they were not paid; it is enough that they have provided a clear factual statement charging as much").

Therefore, the court denies defendants' motion to dismiss Govan's collective claim.

### IV. CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is **DENIED**.

**AND IT IS SO ORDERED.**